# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2020

Lyle W. Cayce
Clerk

KRISTOPHER EMBRY,

Plaintiff – Appellant

v.

HIBBARD INSHORE, L.L.C.,

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-1474

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A former employee challenges the district court's dismissal of his claims against his former employer. We AFFIRM.

In 2014, Kristopher Embry was hired by Michigan-based company Hibbard Inshore, L.L.C., while Embry was living in Pennsylvania. Embry worked remotely as a "Client Relationship Manager," and traveled to Hibbard's Michigan offices approximately once per year. His duties included attending

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30583

sales conferences, making sales calls, crafting proposals and estimates for potential clients, and maintaining relationships with existing clients. Embry stated in a declaration that at the time he was hired, he informed Hibbard of his hopes to move to New Orleans, Louisiana. Embry moved to New Orleans two years later, in 2016, because he wanted to live in a city with more accessible flights to Panama, where his partner was living. Embry further stated that Hibbard did not object to his moving to New Orleans, but there is no evidence that Hibbard had any contacts with Louisiana other than Embry's relocation to and presence in New Orleans. Hibbard discharged Embry in June 2018.

Because of a dispute over alleged unpaid wages, Embry filed suit against Hibbard in Orleans Parish Civil District Court in December 2018. Hibbard removed to the Federal District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction and moved to dismiss for lack of personal jurisdiction. The court granted the motion, and this appeal followed.

## DISCUSSION

A district court's dismissal for lack of personal jurisdiction is reviewed *de novo. Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). The core of Embry's argument is that because he worked for Hibbard while living in Louisiana, the district court had personal jurisdiction over Hibbard in Louisiana. There is no argument relating to general personal jurisdiction; Hibbard, organized and headquartered in Michigan, was clearly not "at home" in Louisiana. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The only dispute involves specific personal jurisdiction.

As recognized by the district court, there are three steps to determine whether there is specific personal jurisdiction: (1) the defendant must have

No. 19-30583

minimum contacts with the forum state, *i.e.*, it must have purposefully directed its activities toward the forum state or availed itself of the privileges of conducting activities there; (2) the cause of action must arise from the defendant's forum-related contacts; and (3) if a plaintiff makes the first two showings, a defendant may still defeat jurisdiction by showing the exercise of jurisdiction would be unfair or unreasonable. *See Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). A plaintiff's contacts with the forum state do not satisfy the minimum contacts inquiry because the inquiry focuses on the defendant. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Embry's arguments focus on his own connections with Louisiana. Among the connections were his residence in that state, his attempts to communicate with Louisiana businesses in his capacity as a Hibbard employee, his paycheck stub had a Louisiana address on it, and he worked from Louisiana. The district court considered that at the time Embry was hired, he "stated that he had plans to live in Louisiana part time at some point in the future." We do not see that Hibbard's awareness of where Embry moved two years after being hired and where he eventually lived while working remotely supports that Hibbard purposefully directed activities toward Louisiana.

Without citing Fifth Circuit precedent, Embry urges the court to adopt a test for specific personal jurisdiction in remote-employment cases that focuses on (1) whether an employer agreed to its employee's moving to the forum state and (2) where the employee was performing his job duties when the events giving rise to the claims (here, termination) took place. Embry's proposed test is not consistent with the defendant-focused inquiry a court is to conduct in determining whether there is personal jurisdiction. The Supreme Court has held that a "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary

3

connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

Embry has failed to show that Hibbard had sufficient contacts with Louisiana. The district court correctly concluded it lacked personal jurisdiction over Hibbard.

Embry also challenges the district court's denial of his motion for jurisdictional discovery, which we review for abuse of discretion. *See Davila v. United States*, 713 F.3d 248, 263–64 (5th Cir. 2013). As the party opposing dismissal and requesting discovery, Embry bears the burden of demonstrating its necessity. *Id.* at 264. He is not entitled to such discovery if the record shows that discovery is not likely to produce the facts needed to withstand Hibbard's motion to dismiss. *Id.* Relying on our decision in *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005), Embry argues that even if he has not shown that Hibbard had sufficient contacts with Louisiana for personal jurisdiction, the district court should have permitted Embry to conduct discovery limited to the issue of personal jurisdiction.

In *Fielding*, while holding that the district court did not abuse its discretion in denying jurisdictional discovery, we recognized that a plaintiff should be permitted to conduct jurisdictional discovery if he has alleged with reasonable particularity the possible existence of the requisite contacts with the forum state. *Id.* at 429. Embry has alleged only his own contacts with the forum state. He asserts that "nearly all of the documentary materials relevant to the personal jurisdiction analysis are in [the] sole and exclusive possession of Defendant because Mr. Embry was required to return all such materials once his employment terminated." He does not identify, though, what these "materials" would be, or how they would show that Hibbard has sufficient minimum contacts with Louisiana for purposes of specific personal jurisdiction. Embry has therefore failed to carry his burden of showing the

requested discovery would likely produce facts sufficient to support his argument of personal jurisdiction. Thus, there was no abuse of discretion in not allowing additional jurisdictional discovery to take place. *See Freeman v. United States*, 556 F.3d 326, 342–43 (5th Cir. 2009).

Finally, Embry challenges the district court's refusal to allow him to file a surreply. He argues that the refusal was error because Hibbard introduced new evidence as an exhibit to its reply in support of its motion to dismiss, and the district court referred to the exhibit when dismissing Embry's claims. Whether to allow filing a surreply is within the sound discretion of the district court, subject to review for abuse of discretion. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The exhibit concerned the address on Embry's paycheck stub, evidence which formed an insubstantial part of the district court's decision. The district court did not err in refusing Embry's request to file a surreply.

AFFIRMED.